IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISCTRICT OF TEXAS
(HOUSTON DIVISION)

---

_____ )
                                 )
EXXON MOBILE CORPORATION,        )
                                 )
            Plaintiff,            )
                                 )
            v.                    )       Civ. No. 4:11-cv-01814 (KPE)
                                 )
UNITED STATES OF AMERICA,        )
                                 )       THE UNITED STATES' ANSWER
            Defendant.           )       AND COUNTERCLAIM
_____ )

## ANSWER

The United States of America answers the Complaint of Exxon Mobil Corporation ("Exxon") as follows:

1.    The allegations contained in Paragraph 1 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

2.    The allegations contained in Paragraph 2 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

3.    The allegations contained in Paragraph 3 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

4.    The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 4, and therefore denies those allegations.

5.    The allegations contained in Paragraph 5 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

1

6.      The allegations set forth in Paragraph 6 state conclusions of law, and no response is required.

7.      The allegations set forth in Paragraph 7 state conclusions of law, and no response is required.

8.      The United States admits the allegations Paragraph 8.

9.      The allegations contained in Paragraph 9 characterize Exxon's intentions in bringing suit, and no response is required.

10.     The United States admits the allegations in Paragraph 10.

11.     The United States admits the allegations in Paragraph 11.

12.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12, and therefore denies those allegations.

13.     The first sentence of Paragraph 13 states conclusions of law, to which no response is required.  The United States is without knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 13, and therefore denies those allegations.

14.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 14, and therefore denies those allegations.

15.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 15, and therefore denies those allegations.

16.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 16, and therefore denies those allegations.

17.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 17, and therefore denies those allegations.

2

18.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 18, and therefore denies those allegations.

19.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 24, and therefore denies those allegations.

20.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 20, and therefore denies those allegations.

21.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 21, and therefore denies those allegations.

22.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 22, and therefore denies those allegations.

23.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore denies those allegations.

24.     The United States is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 24, and therefore denies those allegations.

25.     The United States is without knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 25, and therefore denies those allegations.

26.     The United States is without knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 26, and therefore denies those allegations. Furthermore, characterization of costs as "response costs" states a conclusion of law, and no response is required.

27.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore denies those allegations.

28.     The United States admits that Plaintiff served upon Defendant a confidential written demand for payment of past response costs dated March 18, 2009, that Plaintiff specified the amount of response costs for which payment was sought with respect to the Baton Rouge Site, and that the United States has not reimbursed Plaintiff to date for any costs related to the Baton Rouge complex.  The United States denies the remaining allegations in Paragraph 28.

29.     The United States admits the allegations set forth in Paragraph 29.

## COUNT I

30.     The United States incorporates by reference its responses to Paragraphs 1 through 29.

31.     Paragraph 31 states conclusions of law, and no response is required.

32.     Paragraph 32 states conclusions of law, and no response is required.

33.     Paragraph 33 states conclusions of law, and no response is required.

34.     Paragraph 34 states conclusions of law, and no response is required.

35.     Paragraph 35 states conclusions of law, and no response is required.

36.     Paragraph 36 states conclusions of law, and no response is required.

37.     Paragraph 37 states conclusions of law, and no response is required.

38.     Paragraph 38 states conclusions of law, and no response is required.

## COUNT II

39.     The United States incorporates by reference its responses to Paragraphs 1 through 38.

40.     Paragraph 40 states conclusions of law, and no response is required.

41.     Paragraph 41 states conclusions of law, and no response is required.

42.     Paragraph 42 states conclusions of law, and no response is required.

43.     Paragraph 43 states conclusions of law, and no response is required.

44.     Paragraph 44 states conclusions of law, and no response is required.

The remainder of the Complaint is Plaintiff's prayer for relief, to which no response is required.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, or to the extent a response to any of the preceding paragraphs is deemed necessary, the United States hereby denies such allegations.

## DEFENSES

Without limiting or waiving any other defenses available to it, the United States hereby asserts the following defenses to the Complaint.  In asserting these defenses, the United States does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to 42 U.S.C. § 9613(g).

3.      Plaintiff has not alleged facts supporting an entitlement to attorney's fees and costs.

4.      Plaintiff's action for cost recovery is barred by the prohibition against double recovery in 42 U.S.C. § 9614(b).  Specifically, some or all of the costs Exxon seeks to recover in this

suit are already the subject of another suit currently pending in the United States Court of Federal Claims, *Exxon Mobil Corporation v. United States*, Case No. 09-882C (Ct. Fed. Cl.), in which Exxon seeks to recover the same costs on the basis of other legal theories. Exxon may not collect a second time for the same costs in this Court.

5.      Plaintiff cannot recover alleged response costs to the extent that they were not incurred in response to the release or threatened release of a "hazardous substance" as defined in CERCLA section 101(14), 42 U.S.C. § 9601(14).

6.      Plaintiff cannot recover alleged response costs to the extent that they are not "necessary" within the meaning of CERCLA section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

7.      Plaintiff cannot recover alleged response costs to the extent that they are not consistent with the National Contingency Plan promulgated at 40 C.F.R. Part 300.

8.      The United States is not a liable party with respect to the hazardous substance contamination described in the Complaint.

       The United States reserves the right to assert additional defenses that may be appropriate as revealed during the course of this litigation.

## COUNTERCLAIM

While preserving all of its defenses and expressly denying that it is liable to Plaintiff for any matter set forth in the Complaint, pursuant to the provisions of Fed. R. Civ. P. 13, the UNITED STATES, by and through the undersigned attorneys, asserts the following counterclaims against Plaintiff:

## STATEMENT OF THE CASE

1.     This counterclaim is brought against Counter-Defendant Exxon Mobil Corporation ("Exxon") pursuant to Section 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9613, as amended ("CERCLA").

2.     To the extent the Court deems the United States liable in this matter, the United States seeks equitable apportionment or allocation of response costs as appropriate under 42 U.S.C. § 9613(f)(1).

## PARTIES

3.     Counterclaim Plaintiff is the United States of America.

4.     Exxon alleges that Exxon is a corporation organized under the laws of the State of New Jersey and its principal place of business is the State of Texas.

## JURISDICTION AND VENUE

5.     Jurisdiction over this counterclaim is based upon 42 U.S.C. § 9613(b) and (e), 28 U.S.C. § 1331, and 28 U.S.C. §§ 1345 and 1346(c).

7

6.      Venue is proper in this district under 42 U.S.C. § 9613(b).

## STATUTORY BACKGROUND

7.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on

four categories of "[c]overed persons" – typically known as potentially responsible

parties ("PRPs").

8.      PRPs are defined in CERCLA as (1) owners and operators of facilities at which

hazardous substances are located; (2) past owners and operators of such facilities at the

time that disposal of hazardous substances occurred; (3) persons who arranged for

disposal or treatment of hazardous substances; and (4) certain transporters of hazardous

substances.  See 42 U.S.C. § 9607(a)(1) - (4).

9.      CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek

contribution from any other person who is liable or potentially liable under [Section

107(a)], during or following any civil action under [Section 106] or under [Section

107(a)]."  42 U.S.C. § 9613(f)(1).

10.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution

claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the

court may allocate response costs among liable parties using such equitable factors as the

court determines are appropriate."

## **GENERAL ALLEGATIONS**

11.     On information and belief, Exxon owns and operates a refinery and other facilities in

Baton Rouge, Louisiana (the "Baton Rouge complex" or "Baton Rouge Site").  On

information and belief, Exxon's predecessor, Standard Oil Company of Louisiana, owned

and/or operated the Baton Rouge complex during the 1940s-1950s.

12.     Exxon is a "person" within the meaning of sections 101(21) and 113(f)(1) of CERCLA,

42 U.S.C. §§ 9601(21), 9613(f)(1).

13.     Exxon alleges the Baton Rouge Site is a "facility" within the meaning of section 101(9)

of CERCLA, 42 U.S.C. § 9601(9).

14.     Exxon alleges that it has incurred "necessary" costs of "response" consistent with the

National Contingency Plan ("NCP") in cleaning up "hazardous substances" released or

threatened to be released into the environment at or from the Baton Rouge Site, and will

continue to incur additional such costs in connection with its cleanup of the Baton Rouge

Site.

15.     Exxon is liable as the current "owner" of the Baton Rouge Site within the meaning of

CERCLA section 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20), 9607(a)(1).

16.     Exxon is liable as the current "operator" of the Baton Rouge Site within the meaning of

CERCLA section 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20), 9607(a)(1).

17.   Exxon is liable as the "owner" of the Baton Rouge complex at the time the alleged disposal of hazardous substances occurred, within the meaning of CERCLA sections 101(20) and 107(a)(2), 42 U.S.C. §§ 9601(2), 9607(a)(2).

18.   Exxon is liable as the "operator" of the Baton Rouge complex at the time the alleged disposal of hazardous substances occurred, within the meaning of CERCLA sections 101(20) and 107(a)(2), 42 U.S.C. §§ 9601(2), 9607(a)(2).

## COUNTERCLAIM FOR CERCLA CONTRIBUTION

19.   The United States incorporates by reference, as if fully set forth herein, Paragraphs 1 through 18 of this Counterclaim.

20.   Exxon has filed a civil action against the United States alleging liability, and seeking recovery of costs incurred and to be incurred, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Therefore, 42 U.S.C. § 9613(f)(1) authorizes the United States to seek contribution herein.

21.   If the Court determines that the United States is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), it should allocate the costs at issue in the Complaint between the two parties using such equitable factors as the Court determines are appropriate under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

**              **              **

WHEREFORE, the United States asks the Court:

    (1) to enter judgment in its favor;

    (2) to tax costs to the Plaintiff; and

    (3) to provide such other relief as may be appropriate.

Dated this 12th day of July, 2011.

                          Respectfully submitted,
                          IGNACIA S. MORENO
                          Assistant Attorney General
                          Environment and Natural Resources
                                  Division

                          /s/ Brian H. Lynk
                          BRIAN H. LYNK
                          STEPHANIE J. TALBERT
                          Environmental Defense Section
                          P.O. Box 23986
                          Washington, DC 20026-3986
                          Telephone: 202-514-6187
                          Fax: 202-514-8865
                          Email: brian.lynk@usdoj.gov

                          Counsel for Defendant the United States

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12th, 2011, I served the United States' Answer and

Counterclaim on the counsel for Plaintiff via the Court's electronic filing system.

/s/ Brian H. Lynk
BRIAN H. LYNK
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
Telephone: 202-514-6187
Fax: 202-514-8865
Email: brian.lynk@usdoj.gov

Counsel for Defendant the United States